IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON BOZEMAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1817-N-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Brandon Bozeman, a federal prisoner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should reopen this administratively closed action and dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Movant] is not entitled to relief." *Id.*

**Applicable Background**

In 2010, Movant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and, in 2011, the Court sentenced him to 120 months of imprisonment. *See United States v. Bozeman*, No. 3:10-cr-54-N (01) (N.D. Tex.). This

-1-

is the first Section 2255 motion attacking this conviction and sentence.

**Legal Standards and Analysis**

Movant seeks postconviction relief under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). *See, e.g.,* Dkt. No. 2 at 4 ("Movant's sentence as a felon in possession violates the Due Process clause in light of *Johnson v. United States*.").

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

But Movant did not receive an increased sentence under the ACCA's residual clause. Although the presentence report reflects that Movant was determined to be an armed career criminal subject to an enhanced sentence under Section 924(e), which therefore increased his offense level under the advisory sentencing guidelines, *see* No.

3:10-cr-54-N (01), Dkt. No. 32-1 at 8, ¶ 33 (citing U.S.S.G. § 4B1.4), Movant did not receive the ACCA-mandated mandatory minimum of 180 months of imprisonment but instead received the maximum sentence under 18 U.S.C. § 924(a)(2) – 120 months of imprisonment.

"Although *Johnson* does not apply to the guidelines, *Johnson* does" apply if "the primary guideline used to calculate [a defendant's] guidelines range was the § 4B1.4 guideline that applies only if the defendant 'is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).'" *United States v. Kirk*, 636 F. App'x 548, 550 (11th Cir. 2016) (per curiam) (quoting U.S.S.G. § 4B1.4(a)). Here, the presentence report may have provided that Movant was subject to an enhanced sentence under Sections 924(e) and 4B1.4, but those provisions did not drive his sentence calculation, as the presentence report also provided that Movant's guideline range was 120 months, the maximum under Section 924(a)(2). *See* No. 3:10-cr-54-N (01), Dkt. No. 32-1 at 23, ¶ 87[1];

---

[1] *See also United States v. Freeman*, Crim. No. 11-0303-WS, 2016 WL 4394172, at *1 n.1 (S.D. Ala. Aug. 15, 2016) ("[T]he PSR included language that 'the defendant is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) and is considered to be an armed career criminal.' Such a finding was a necessary precondition to application of U.S.S.G. § 4B1.4(b); after all, that guideline delineates the offense level for an 'armed career criminal,' which it defines as '[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).' U.S.S.G. § 4B1.4(a)-(b). Thus, the PSR's finding that Freeman was subject to the armed career criminal guideline at U.S.S.G. § 4B1.4(a)-(b) for purposes of calculating his offense level necessarily meant that he was subject to the [ACCA], 18 U.S.C. § 924(e), which would have led to imposition of a mandatory minimum sentence of 180 months. Despite this finding, the PSR elsewhere overlooked the ACCA by indicating that the statutory maximum sentence that could be imposed was 120 months, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This appears to be an oversight in the PSR that redounded to Freeman's benefit at sentencing because the ACCA's enhanced mandatory minimum penalty of 180 months was not imposed, even though by all

*cf. Kirk,* 639 F. App'x at 551 ("Kirk is no longer subject to a *statutory* enhanced sentence under § 924(e)(1), and thus § 4B1.4 no longer applies. And the record is clear that § 4B1.4 drove the original calculations but is no longer applicable. Accordingly, we vacate Kirk's sentence and remand for resentencing." (emphasis in original)).

Therefore, Movant did not receive an statutory-enhanced sentence under the ACCA (or, specifically, its residual clause) as applied through Section 4B1.4. And any increase in his sentence, particularly based on his criminal history, was solely due to the advisory sentencing guidelines. *See* No. 3:10-cr-54-N (01), Dkt. No. 32-1 at 23, ¶ 26. "Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 892 (2017).

For this reason, it "plainly appears" that Movant "is not entitled to relief" on the Section 2255 motion, and the motion should be dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see, e.g., Rose v. United States*, Nos. 2:16-CV-554 & 2:13-CR-00123, 2017 WL 951600, at *1 (S.D. Ohio Mar. 10, 2017) (as to a case, like this one, held in abeyance pending the Supreme Court's decision in *Beckles*, holding that, "[b]ased on the Supreme Court's *Beckles* decision, it now appears to the Court that 'the moving party is not entitled to

---

appearances it was applicable. In other words, Freeman caught a break." (citations omitted)).

relief.' Under these circumstances, Rule 4(b) states that 'the judge must dismiss the motion'" (citation omitted)).

## Recommendation

The Court should reopen this administratively closed action and dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE